IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EARNEST LEE JAMES, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1379-JWL |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the Administrative Law Judge (ALJ) erred in weighing the medical opinions, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.      Background**

Plaintiff applied for DIB and SSI benefits, ultimately alleging disability beginning September 4, 2012.  (R. 13, 32).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  He argues that the ALJ erred in according greater weight to the medical opinion of the non-examining state agency psychologist, Dr. Blum, than to the medical opinions of the non-treating psychologists Dr. Schell, Dr. Allen, and Dr. Hackney, who examined Plaintiff and provided written reports of their opinions based on those examinations.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that the ALJ erroneously discounted the medical opinions of Dr. Allen and Dr. Hackney and remand is necessary for the Commissioner properly to explain her relative weighing of the medical opinions.

## II. Discussion

Plaintiff claims that the ALJ failed to give proper reasons to discount the non-treating source opinions of Dr. Hackney, Dr. Allen, and Dr. Schell.  (Pl. Br. 10).[1]  He argues it is error for the ALJ to discount Dr. Hackney's and Dr. Allen's opinions because they were based solely on Plaintiff's subjective complaints without basing that conclusion on record evidence.  (Pl. Br. 10-13).  He also argues the ALJ erred in weighing Dr. Schell's opinion because the record evidence supports that opinion, because Dr. Schell

---

[1] Plaintiff's Counsel did not number the pages of Plaintiff's briefs, so the court uses the numbers provided by the software it used to open the portable document file (.pdf) documents filed in the court's Case Management/Electronic Case Filing (CM/ECF) system.  In the future, counsel must number every page after the first page in her Briefs.

examined Plaintiff four to five times, because it is error to rely on minimal daily activities or "sporadic diversions" to establish the capacity for work, and because it is error to conclude that Dr. Shell's opinion was based on Plaintiff's subjective complaints. Id. at 13-16. The Commissioner argues that Plaintiff ignores "the ALJ's good reasons for weighing each opinion" (Comm'r Br. 6), and that the decision is sufficiently specific that the court can see the weight accorded each decision and the reasons for that weight. Id. at 6-11. She concludes that "[s]ince Dr. Blum provided a superior analysis of the objective evidence and Mr. James's daily activities, the ALJ reasonably weighed Dr. Blum's opinion more favorably than Dr. Hackney's opinion and the other opinions of record." Id. at 11.

### A.     Standard for Evaluating Medical Opinions

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources[2] that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). A physician or psychologist who has treated

---

[2]The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.
    "Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. Id.
    "Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. Id.

a patient frequently over an extended period of time (a treating source) is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

Medical opinions may not be ignored, and when a treating source opinion is not given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's

attention which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

### B.  Analysis

The parties agree that the ALJ evaluated and accorded weight to the opinions of Dr. Schell, a psychologist who treated Plaintiff four or five times,[3] Dr. Allen and Dr. Hackney, psychologists who examined Plaintiff at the request of the agency and prepared reports of their examinations, and Dr. Blum, a state agency psychological consultant who reviewed the record evidence at the reconsideration level and provided his opinion regarding Plaintiff's diagnoses, capabilities, and functional limitations.  The ALJ accorded only little weight to Dr. Schell's opinion, finding it inconsistent with the medical evidence, inconsistent with Plaintiff's activities, based only upon Dr. Schell's first examination of only four or five visits with Plaintiff, not supported by intellectual testing, and based primarily on Plaintiff's subjective complaints.  He accorded Dr. Allen's opinion partial weight, noting that he:

> concurs with the doctor's opinion that the claimant can work at a reasonable pace, handle expectable pressures in a work setting and can manage

---

[3]While it appears at first blush that Dr. Schell may be a "treating source" within the meaning of the regulations and the ALJ evaluated his opinion as a treating source opinion, the decision does not contain a specific finding in that regard and Plaintiff does not allege error therein.  The briefing reflects some confusion regarding Dr. Schell's gender, but Plaintiff refers to him as "he" (R. 38-39) and the court follows Plaintiff's lead.  Plaintiff's Brief treats Dr. Schell's opinion as a non-treating source opinion (Pl. Br. 9-16) (passim), and if necessary, the court will analyze it accordingly.

> finances due to his daily activities which include managing his household, and caring for his three young children. However, the doctor's opinion that the claimant has a mood disorder is based on the claimant's subjective report of his symptoms which is not credible.

(R. 20). Similarly, he accorded little weight to Dr. Hackney's opinion:

> because the opinion is based primarily on the claimant's report of his symptoms, which is not credible. However, the undersigned concurs with the doctor's opinion that based on WAIS-IV [(intelligence)] test results, the claimant functions within the borderline intellectually.

Id. The ALJ accorded "persuasive and convincing weight," and "substantial weight" to Dr. Blum's opinion, finding it was made after a complete review of the medical record, he provided detailed information from the record and from Plaintiff medical providers, and it was consistent with both the medical evidence and Plaintiff's daily activities. Id. at 19-20.

The court finds error in the ALJ's determination to discount Dr. Allen's and Dr. Hackney's opinions solely because they are based on Plaintiff's report of symptoms. The Tenth Circuit has recognized that:

> The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements. A psychological opinion need not be based on solely objective "tests"; those findings "may rest either on observed signs and symptoms or on psychological tests."

Thomas v. Barnhart, 147 F. App'x 755, 759 (10th Cir. 2005) (quoting Robinson, 366 F.3d at 1083). Therefore, both the Commissioner and a reviewing court must recognize that a psychiatrist's or a psychologist's opinion is at least partially dependent on the patient's subjective complaints. And, as Plaintiff points out, "an ALJ may not make speculative

8

inferences from medical reports." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002). Where an ALJ has no legal or evidentiary basis for finding that a treating physician's opinion is based "only on claimant's subjective complaints," his conclusion to that effect is merely speculation which falls within the prohibition of McGoffin. Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004). Such a conclusion must be based upon evidence drawn from the administrative record. Victory v. Barnhart, 121 F. App'x 819, 823-24 (10th Cir. 2005) (finding "no support in the record for the ALJ's conclusion" that the treating physician "must have relied quite heavily upon claimant's subjective complaints") (emphasis added).

In Langley, the ALJ found that the treating physician's opinion "was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.'" 373 F.3d at 1121 (emphasis added). In Victory, the ALJ "concluded that [the treating physician] must have relied quite heavily upon claimant's subjective complaints." 121 F. App'x at 823 (emphasis added). As in Langley, the ALJ here gave the doctors' reliance on Plaintiff's subjective complaints as the only rationale to discount the opinions of Dr. Allen and Dr. Hackney. As in Langley, the ALJ here provided no legal or evidentiary basis for his findings with regard to the opinions of Dr. Allen and Dr. Hackney. Thus, in accordance with McGoffin, his conclusion to that effect is merely speculation.

The Commissioner is correct that it is the ALJ's duty to weigh the medical opinions, and in the appropriate circumstance he may accord greater weight to a non-examining source opinion than to a treating source opinion. (Comm'r Br. 6) (citing

Pisciotta v. Astrue, 500 F.3d 1074, 1077 (10th Cir. 2007)).  But he must provide the rationale for his decision, and as noted above he may not discount an opinion solely because it is based on Plaintiff's subjective complaints.  Moreover, although the Commissioner points to record evidence (some of it discussed by the ALJ) which in her view justifies discounting the opinions of Dr. Allen and Dr. Hackney, the only reason given by the ALJ was that the opinions were based on Plaintiff's subjective complaints.  As explained above, that rationale standing along is merely speculation, and as such is insufficient to discount a medical opinion.  And, the court may not affirm a decision on the basis of appellate counsel's post hoc rationalizations for agency action.  Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).

Whether the ALJ properly relied upon the same reason to discount Dr. Schell's decision is a much closer question because it was not the only reason given by the ALJ to discount the opinion.  See, e.g., Pruitt v. Colvin, Civ. A. No. 15-1346-JWL, 2016 WL 6071798, *5-6 (D. Kan. Oct. 17, 2016) (finding no error where the ALJ provided other reasons to discount the medical opinion and based his finding on the evidentiary record).  Remand is necessary in any case because the ALJ erred in evaluating Dr. Allen's and Dr. Hackney's opinions, so the court need not decide the question of Dr. Schell's opinion.  Plaintiff may make any arguments he wishes in that regard on remand.

Plaintiff seeks remand for immediate award of disability benefits.  (Pl. Br. 17).  He presents no legal authority suggesting the appropriate bases for remand for an immediate award of benefits, and he does not point to record evidence that allegedly demands a

finding of disability.  For that reason alone, the court would be justified in not considering the argument.  Wall, 561 F.3d at 1066 (issue presented without developed argumentation is waived); Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).  Moreover, after the Commissioner in her Response Brief opposed remand for an immediate award of benefits, Plaintiff asked the court only to "[r]emand the matter for a new administrative hearing."  (Reply 2).  The court finds that is the appropriate course in this case.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 26th day of October 2016, at Kansas City, Kansas.

                                      s:/ John W. Lungstrum
                                      **John W. Lungstrum**
                                      **United States District Judge**